**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN LATTEREAL ROYAL,<br><br>            Plaintiff,<br><br>      v.<br><br>S. KNIGHT, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:09-cv-01407-SKO PC<br><br>ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1) |

Plaintiff Marlin Royal ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is currently incarcerated at CSP Lancaster. However, the events described in Plaintiff's complaint occurred while Plaintiff was incarcerated at the California Substance Abuse Treatment Facility and State Prison ("CSATF/SP") in Corcoran, California. Plaintiff is suing under Section 1983 for the violation of his rights under the First and Eighth Amendments. Plaintiff names Correctional Officer S. Knight, Sergeant K. Turner, Gardner, T. Akin, A. Lyons, J. Cronjager, A. F. Hernandez, Ken Clark, and B. Murberger as defendants. For the reasons set forth below, Plaintiff's complaint is dismissed with leave to file an amended complaint within thirty (30) days.

**I.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.    Factual Background**

Plaintiff alleges that he was physically assaulted and retaliated against after he complained about his missing television. On January 28, 2009, Plaintiff complained to Defendant S. Knight about his missing television. Knight allegedly told Plaintiff to "shut the fuck up." (Compl. 4, ECF No. 1.) Plaintiff asked Knight not to speak to him in that manner. Knight replied by saying "I told you to shut the fuck up your[sic] a[sic] inmate I do not have to respect you." (Compl. 4, ECF No. 1.) Plaintiff told Knight again not to speak to him in that manner. Knight then began screaming at Plaintiff and sent Plaintiff back to his cell. When Plaintiff asked Knight why he was so angry,

///

Knight allegedly grabbed Plaintiff's shoulder and pushed him into his cell and injured Plaintiff's shoulder on the cell frame.

After the incident, Plaintiff filed an inmate complaint against Defendant Knight. Plaintiff alleges that Defendant Knight kept the television from Plaintiff for three (3) months and on March 25, 2009, Knight warned him to watch his back unless he dropped the complaint. At some point, Sergeant K. Turner ("Defendant Turner") requested that Plaintiff report to his office. Defendant Turner allegedly warned Plaintiff that correctional officers "stick together over inmates" and warned Plaintiff that he would face further problems in the future unless he dropped the complaint.

Plaintiff dropped one of his complaints regarding missing property in return for Defendant Turner's promise that he would deliver the television and keep Defendant Knight away. However, Plaintiff alleges that on April 1, 2009, Defendant Knight placed him in an isolation cell for making threats on an inmate.[1] Plaintiff claims that he was falsely accused of making the threats and the charges were later dropped. However, during this time, Plaintiff alleges that his personal property went missing and he was deprived from religious materials, lawyer addresses, and visiting/phone access. Plaintiff claims that he was falsely accused of making the threats and that the charges were later dropped.

**III.  Discussion**

The Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants. It is settled that allegations from prisoners, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (internal citations and quotations omitted); *see also* Erickson v. Pardus, 551 U.S. 89, 94 (2007); Boag v. MacDougall, 454 U.S. 364. 365 (1982) (per curiam). The rule of liberal construction is "particularly important in civil rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).

Plaintiff makes no specific allegations as to which of his rights have been violated. However, the Court notes that Plaintiff requests relief "due to the unnessary [sic] misuse of force and

---

[1] Plaintiff refers to Defendant Knight placing him in "the hole." As this is a common reference to an isolation cell, the Court assumes Plaintiff is referring to an isolation cell.

3

retailiation [sic]." Given the Court's duty to liberally construe Plaintiff's complaint, the Court assumes Plaintiff raises his complaint under the First and Eighth Amendments.

### A. Linkage Requirement

The Civil Rights Act under which this action was filed states:

> "Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United State ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See* Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

To establish a prima facie case under Section 1983, Plaintiff must allege that (1) the action occurred "under color of law" and (2) the action resulted in a deprivation of a constitutional right or federal statutory right. McDade v. West, 223 F.3d 1135, 1139 (9th Cir. 2000). A person deprives another of a constitutional right, within the meaning of Section 1983, if that person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which the complaint is made. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. at 743-44.

Plaintiff fails to identify what Defendants Gardner, T. Akin, A. Lyons, J. Cronjager, A.F. Hernandez, Ken Clark, and B. Murberger did that violated of Plaintiff's First and Eighth Amendment rights. Plaintiff identifies them as Defendants, but fails to explain how each individual should be liable for Plaintiff's injuries. If Plaintiff wishes to pursue a claim against any defendant, Plaintiff must link each named defendant with some act or omission. Plaintiff's current factual allegations fail to explain how each individual Defendant (with exception to S. Knight and K. Turner) caused the alleged violations of Plaintiff's rights. The Court will grant Plaintiff leave to amend his complaint in order to link the other Defendants to his allegations.

     The Court notes that some of the individuals named as Defendants are identified as holding supervisory positions at CSATF/SP. Plaintiff is advised that supervisory personnel are generally not liable under Section 1983 for the actions of their employees under a theory of respondeat superior. When a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff may not sue a warden or other supervisory prison official under Section 1983 simply because they supervised other prison officials who violated Plaintiff's civil rights. Plaintiff must allege facts to demonstrate that the warden caused the alleged violation of Plaintiff's rights.

     Plaintiff also identifies an investigating officer as a defendant, but offers no factual allegation as to what that person did or failed to do that violated Plaintiff's constitutional rights. Plaintiff is advised that a prison official is not liable for failing to properly conduct an investigation of a constitutional violation that occurred in the past. A prison official does not cause a constitutional violation to occur by failing to investigate it after it occurred. Thus, prison officials who fail to investigate past violations, cover up past violations, or deny a prisoner's administrative grievance cannot be liable for causing the underlying violation because by the time they acted, the violation already occurred and they could not have prevented it.

     **B.**     **First Amendment**

     Plaintiff alleges Defendants retaliated against him in violation of the First Amendment. In the prison context, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a Section 1983 claim. Rizzo v. Dawson, 778 F.2d 527,

5

532 (9th Cir. 1985); *see also* Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Such claims must be evaluated in light of the deference that must be accorded to prison officials. *See* Pratt, 65 F.3d at 807; *see also* Vance v. Barrett, 345 F.3d 1083, 1093 (9th Cir. 2003). The prisoner must submit evidence to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Compare* Pratt, 65 F.3d at 807 (finding insufficient evidence) *with* Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989) (finding sufficient evidence).

### 1.   Retaliation Regarding Television Set

Plaintiff alleges that Defendant Knight retaliated against him for his use of the complaint system. Plaintiff alleges that Knight kept his TV for three (3) months and made threats that Plaintiff would never see his "special purchase." Plaintiff fails to sufficiently establish that this action was taken against him because of the exercise of protected conduct since his TV was confiscated before he filed a grievance. Therefore, the confiscation of the television cannot be characterized as retaliatory.

### 2.   Retaliation Through Threats

Plaintiff also alleges that Knight warned him to watch his back unless he dropped his complaint. However, Plaintiff does not allege that Knight did anything to carry out that threat. Plaintiff alleges that Defendant Turner told Plaintiff that if he did not want any problems in the future that he should drop his complaint. However, Plaintiff does not allege that Turner did anything more than verbally warn Plaintiff about future threats. Mere threats and harsh words are insufficient to establish that a defendant is taking action to prevent another from engaging in protected activity

1 under the First Amendment. Nunez v. City of Los Angeles, 147 F.3d 867, 875 (9th Cir. 1998); Williams v. Woodford, 2009 U.S. Dist. LEXIS 105932, *9 (E.D. Cal. Nov. 13, 2009) (finding mere verbal threats are not sufficient to form the basis of a retaliation claim in the prisoner context); *see also* Pierce v. Texas Dep't of Criminal Justice, 37 F.3d 1146, 1150 (5th Cir. 1994) (verbal threat not actionable harm in First Amendment retaliation claim); *but see* Pittman v. Tucker, 213 Fed. Appx. 867, 872 (11th Cir. 2007) (holding claims of retaliation may be based on threats of future violence). Something more than mere threats and harsh words is required, and Plaintiff has not alleged that Knight or Turner did anything more to advance their threats.

### 3. Retaliation Through Isolation

Plaintiff alleges that, on April 1, 2009, he was placed in an isolation cell by Defendant Knight on charges that Plaintiff had threatened another inmate. It is unclear who brought the charges and whether that person knew the charges were false when they were brought. Plaintiff alleges no facts that link the charges to his exercise of protected conduct. In fact, the charges were allegedly brought after Plaintiff agreed to drop his inmate complaint. Further, there is no indication whether Knight was aware that the charges were false. Thus, Plaintiff fails to state a retaliation claim.

### C. Eighth Amendment

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S.

7

at 302-303). However, where prison officials have acted in response to an immediate disciplinary need, because of the risk of injury to inmates and prison employees and because prison officials will not have time to reflect on the nature of their actions, the "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard, applies. *See* Whitley v. Albers, 475 U.S. 312, 320-21 (1986); Clement v. Gomez, 298 F.3d 898, 903-04 (9th Cir. 2002); Jordan v. Gardner, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc); Berg v. Kincheloe, 794 F. 2d 457, 460 (9th Cir. 1986).

"[W]henever prison officials stand accused of excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). When determining whether the force is excessive, the court should look to the "extent of injury..., the need for application of force, the relationship between that need and the amount off force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. at 7 (quoting Whitley, 475 U.S. at 321). Although the Supreme Court has never required a showing that an emergency situation existed, "the absence of an emergency may be probative of whether the force was indeed inflicted maliciously or sadistically." Jordan, 986 F.2d at 1528 n.7. Moreover, there is no need for a showing of a serious injury as a result of the force, but the lack of such an injury is relevant to the inquiry. *See* Hudson, 503 U.S. at 7-9; Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003); Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000).

Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune of escaping without serious injury. Wilkins v. Gaddy, 130 S. Ct. 1175, 1178-79 (2010). This does not suggest that every malevolent touch by a prison guard gives rise to a federal cause of action. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim. Id. at 1178 (internal citations omitted).

Plaintiff alleges that Defendant Knight used excessive force on January 28, 2009. Plaintiff claims that Knight verbally and physically abused him. Verbal harassment generally does not violate the Eighth Amendment. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996). However, Plaintiff maintains that as Knight escorted him back to his cell, Knight grabbed his shoulder and pushed him into his cell causing Plaintiff to strike the cell frame with his shoulder. Plaintiff claims that he suffered neck, head, and back injuries and was given Naproxen for his shoulder that now pops in and out of place. Plaintiff states a sufficient claim against Defendant Knight for the use of excessive force that allegedly occurred on January 28, 2009.

## IV.     Conclusion and Order

Plaintiff's complaint states cognizable claims against Defendant Knight for using excessive force in violation of Plaintiff's Eighth Amendment rights. Plaintiff's complaint fails to state claims against any other defendants. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff one (1) summons and one (1) USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a). Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's constitutional or other federal rights: "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10 (c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other

9

1  words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's
2  complaint because at this stage Plaintiff's factual allegations will be accepted as true.

3  Although Plaintiff's factual allegations will be accepted as true and that "the pleading
4  standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint must contain
5  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
6  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), (quoting Bell Atlantic Corp. v. Twombly, 550 U.S.
7  544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that
8  allows the court to draw the reasonable inference that the defendant is liable for the misconduct
9  alleged." Id. (citing Twombly, 550 U.S. at 556).

10  Finally, Plaintiff is advised that an amended complaint supercedes the original complaint.
11  Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
12  (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior
13  or superceded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in
14  an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d
15  at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth,
16  114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint
17  must be completely stated again in the amended complaint.

18  Based on the foregoing, it is HEREBY ORDERED that:

19  1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

20  2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

21  a. File an amended complaint curing the deficiencies identified by the Court in
22  this order, or

23  b. Notify the Court, in writing, that he does not wish to file an amended
24  complaint and wishes to proceed only against Defendant Knight for violating
25  his Eighth Amendment rights; and

26  ///
27  ///
28  ///

3.     If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:    July 19, 2010                          /s/ Sheila K. Oberto
                                                            UNITED STATES MAGISTRATE JUDGE