1

2

3

4

5

# UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF CALIFORNIA

7

8   MARLIN LATTEREAL ROYAL,                CASE NO. 1:09-cv-01407-SKO PC

9                    Plaintiff,             ORDER DENYING MOTION

10         v.                               (Doc. #11.)

11   S. KNIGHT, et al.,

12                    Defendants.
                                        /
13

14         Plaintiff Marlin Lattereal Royal ("Plaintiff") is a state prisoner proceeding pro se and in

15   forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On December 7, 2009,

16   Plaintiff filed a motion requesting the Court to order prison officials to allow Plaintiff to use the law

17   library.  (Doc. #11.)  Plaintiff has consented to jurisdiction by U.S. Magistrate Judge.  (Doc. #5.)

18         Plaintiff's request for Court intervention is by its nature a request injunctive relief that is

19   governed by Federal Rule of Civil Procedure 65.  Since Defendants have not been provided with

20   notice of the pending motion because they have not yet been served, Plaintiff must not only satisfy

21   the requirements for obtaining a preliminary injunction but must also satisfy the requirements set

22   forth in Rule 65(b)(1) for obtaining relief without providing notice to the adverse party.

23         The purpose of a preliminary injunction or temporary restraining order is to preserve the

24   status quo if the balance of equities so heavily favors the moving party that justice requires the court

25   to intervene to secure the positions until the merits of the action are ultimately determined.

26   University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). "A plaintiff seeking a preliminary

27   injunction must establish that he is likely to succeed on the merits, that he is likely to suffer

28   irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council, Inc.</u>, 129 S. Ct. 365, 374 (2008).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, <u>by a clear showing</u>, carries the burden of persuasion." <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2).

Plaintiff has failed to meet the requirements for obtaining the relief he seeks. Plaintiff has not demonstrated that he is likely to suffer irreparable harm, has presented no evidence to establish he is likely to succeed on the merits of this action, and has made no arguments regarding the balance of the equities or that the relief he seeks is in the public's interest. Additionally, Plaintiff has failed to set forth facts in an affidavit to show that irreparable harm will occur before Defendants can be heard in opposition. <u>See</u> Federal Rule of Civil Procedure 65(b)(1)(A). Further, Plaintiff has not presented any reasons why the Court should grant Plaintiff the relief he requests despite the fact that Defendants have not been provided with notice of Plaintiff's motion and have not been given the opportunity to be heard. <u>See</u> Federal Rule of Civil Procedure 65(b)(1)(B).

Accordingly, the Court HEREBY ORDERS that Plaintiff's motion for injunctive relief, filed on December 7, 2009, is DENIED.

IT IS SO ORDERED.

**Dated:**   **July 30, 2010**                    **/s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE