1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  MARLIN LATTEREAL ROYAL,                          CASE NO. 1:09-cv-01407-SMS PC

10                          Plaintiff,              ORDER DISMISSING CERTAIN CLAIMS FOR
                                                    FAILURE TO STATE A COGNIZABLE CLAIM
11        v.
                                                    (ECF No. 15)
12  S. KNIGHT, et al.,

13                          Defendants.
                                               /
14

15  **I.    Screening Requirement**

16        Plaintiff Marlin Lattereal Royal ("Plaintiff"), a state prisoner proceeding pro se and in forma

17  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983, filed this action on August 12, 2009.

18  Currently pending before the Court is the First Amended Complaint, filed August 19, 2010.  (ECF

19  No. 15.)

20        The Court is required to screen complaints brought by prisoners seeking relief against a

21  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23  "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

24  monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

25        In determining whether a complaint states a claim, the Court looks to the pleading standard

26  under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and

27  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

28  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

1 demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v.</u>

2 <u>Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 555

3 (2007)).

4       Under section 1983, Plaintiff must demonstrate that each defendant personally participated

5 in the deprivation of his rights. <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002).  This requires

6 the presentation of factual allegations sufficient to state a plausible claim for relief. <u>Iqbal,</u> 129 S. Ct.

7 at 1949-50; <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).  "[A] complaint [that]

8 pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

9 between possibility and plausibility of entitlement to relief.'" <u>Iqbal</u>, 129 S. Ct. at 1949 (quoting

10 <u>Twombly</u>, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations

11 contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. <u>Iqbal</u>, 129

12 S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere

13 conclusory statements, do not suffice." <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555).

14 **II.**    <u>**Complaint Allegations**</u>

15       Plaintiff is currently in the custody of the California Department of Corrections and

16 Rehabilitation and is incarcerated at California State Prison, Lancaster.  The incidents alleged in the

17 complaint occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility,

18 Corcoran.  Plaintiff brings this action against Defendants S. Knight, K. Turner, Gardner, and Adams

19 in their individual and official capacities seeking declaratory relief and nominal, compensatory, and

20 punitive damages.  (First Amended Compl. 3, ECF No. 15.[1])

21       On January 28, 2009, Defendant Knight was verbally abusive to Plaintiff and after a verbal

22 altercation, grabbed Plaintiff by his right shoulder and pushed him into his cell.  Instantly, Plaintiff

23 felt pain to his shoulder, neck, head, and back.  (<u>Id.</u>)  Defendant Gardner watched while Defendant

24 Knight slammed Plaintiff into the cell frame twice, and Defendant Gardner did not press his alarm,

25 call for back-up, or attempt to stop Defendant Knight.  (<u>Id.</u> at 7.)  Plaintiff was seen by medical and

26 prescribed Naproxen for his shoulder which now pops in and out of place.  (<u>Id.</u> at 3.)

27

28      [1] All references to pagination of specific documents pertain to those as indicated on the upper right corners
via the CM/ECF electronic court docketing system.

On March 25, 2009, Defendant Knight told Plaintiff that he would be placed in administrative segregation if he did not withdraw his complaints.   On April 1, 2009, Defendant Knight filed a false rule violation report.    While Plaintiff was in a stand up cage in a side room, Defendant Knight told Plaintiff that he had Plaintiff's special purchase television set, Plaintiff would never see it, then punched Plaintiff in the eye.  (Id. at 4-5.)  Plaintiff was left in the cage for five to six and one half hours and was denied food and a bathroom by Defendants Knight and Turner.  (Id. at 5.)

Defendant Turner had told Plaintiff, "Correctional Officer's stick together over inmates.  And if I do not want any problems in the future to drop my complaint."  (Id. at 6.)  In February and March 2009, Plaintiff filed a staff complaint, and in March 2009, he sent a letter to Defendant Clark informing him that Defendant Turner offered to order the officer to issue Plaintiff's television set and keep Defendant Knight away from Plaintiff.  (Id. at 6, 8.)  Plaintiff's mother contacted Defendant Clark by telephone and was assured that threats and future assaults would stop.  (Id. at 8.)  Plaintiff alleges that Defendants Turner and Knight conspired to convict him of a false rule violation in violation of his due process rights to deprive him of program, visits, phone calls, and religious materials.  (Id. at 6.)

Plaintiff's first amended complaint states claims against Defendant Knight for excessive force and retaliation; Defendants Gardner and Adams for failure to protect; and Defendants Knight and Turner for conditions of confinement in violation of the Eighth Amendment, however, for the reasons set forth below Plaintiff allegations fail to state any additional claims under section 1983.

**III.   Discussion**

    **A.   Eight Amendment**

        **1.   Excessive Force**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7

3

1   (1992); Whitley v. Albers, 475 U.S. 312, 320 (312).  Plaintiff's allegations that Defendant Knight

2   pushed him into the cell frame and punched him in the face are sufficient to state a cognizable claim.

### 2.   Failure to Protect

4   Prison officials are required "to take reasonable steps to protect inmates from physical

5   abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982) (abrogated on other grounds by

6   Sandin v. O'Connor, 515 U.S. 472 (1995)).  Plaintiff's allegation that Defendants Adams and

7   Gardner were aware of the threat of harm from Defendant Knight and failed to act is sufficient to

8   state a cognizable claim.

### 3.   Conditions of Confinement

10  To prove a violation of the Eighth Amendment  the plaintiff must "objectively show that he

11  was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation

12  occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d

13  1144, 1150 (9th Cir. 2010) (citations omitted).  The circumstances, nature, and duration of the

14  deprivations are critical in determining whether the conditions complained of are grave enough to

15  form the basis of a viable Eighth Amendment claim." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir.

16  2006).

17  Plaintiff's allegation that he was denied the use of the bathroom and drinking water is

18  sufficient to state a cognizable claim against Defendants Knight and Turner.

### B.   Threats

20  Plaintiff alleges that Defendant Turner carried out his previous threats.  Neither a verbal

21  threat nor verbal harassment constitute a violation of the Eighth Amendment. Keenan v. Hall, 83

22  F.3d 1083, 1092 (9th Cir. 1996); Oltarzewski v. Ruggiero, 830 F.2d 136, 138 (9th Cir. 1987); Gaut

23  v. Sunn, 810 F.2d 923, 925 (9th 1987).  Plaintiff's complaint characterizes the statement made by

24  Defendant Turner as a threat; however, as alleged the statement fails to state a plausible claim that

25  Defendant Turner threatened Plaintiff and acted on the threat.

26  While Plaintiff alleges that Defendants Turner and Knight conspired to deprive him of his

27  rights, Plaintiff's conclusory statement that Defendant Turner knew the rule violation submitted by

28  Defendant Turner was false fails to state a plausible claim that there was"'an agreement or meeting

of the minds to violate constitutional rights,'" <u>Franklin v. Fox</u>, 312 F.3d 423, 441 (9th Cir. 2001) (quoting <u>United Steel Workers of Am. v. Phelps Dodge Corp.</u>, 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)).  Plaintiff has not alleged any facts supporting the existence of a conspiracy between Defendants.

### C.     First Amendment

Plaintiff has stated a cognizable claim that Defendant Knight violated the First Amendment by filing a false rule violation report in retaliation for Plaintiff filing a grievance.  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567 (9th Cir. 2005); <u>accord</u> <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009).  However, Plaintiff fails to state a plausible claim for retaliation against any other named defendant.

### D.     Due Process

The Due Process Clause protects against the deprivation of liberty without due process of law.  <u>Wilkinson v. Austin</u>, 545 U.S. 209, 221 (2005).  In order to state a cause of action for a deprivation of due process, a plaintiff must first identify a liberty interest for which the protection is sought. <u>Id.</u>  The Due Process Clause does not confer a liberty interest in freedom from state action taken within a prisoner's imposed sentence. <u>Sandin v. Conner</u>, 515 U.S. 472, 480 (1995).  However, a state may "create liberty interests which are protected by the Due Process Clause." <u>Sandin</u>, 515 U.S. at 483-84.  A prisoner has a liberty interest protected by the Due Process Clause only where the restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Keenan v. Hall</u>, 83 F.3d 1083, 1088 (9th Cir. 1996) (quoting <u>Sandin</u>, 515 U.S. at 484).  Plaintiff's allegations fail to state a cognizable due process claim.

#### 1.     Administrative Segregation

The Due Process Clause does not "create a liberty interest in freedom from administrative segregation." <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1091 (9th Cir. 1985), <u>abrogated in part on other grounds by</u> <u>Sandin v. Conner</u>, 515 U.S. 472 (1995). Administrative segregation is the type of confinement that should be reasonably anticipated by inmates at some point in their incarceration. <u>Toussaint</u>, 801 F.2d at 1091 (quoting <u>Hewitt v. Helms</u>, 459 U.S. 460, 468 (1983)).  The Ninth Circuit has concluded that prisoners have no liberty interest in remaining free from administrative

1   segregation or solitary confinement. <u>See</u> <u>May v. Baldwin</u>, 109 F.3d 557, 565 (9th Cir.1997).

2   Plaintiff's complaint fails to allege facts sufficient to state a liberty interest in freedom from

3   administrative segregation.

4                      **2.**   **<u>Deprivation of Personal Property</u>**

5       Plaintiff alleges that Defendant Knight refused to release his television.   A property

6   deprivation that is intentional and unauthorized does not violate Due Process if there is a meaningful

7   post-deprivation remedy available for the loss.  <u>Hudson v. Palmer</u>, 468 U.S. 517, 533 (1984); <u>Quick</u>

8   <u>v. Jones</u>, 754 F.2d 1521, 1524 (9th Cir. 1984).  <u>Hudson</u>, 468 U.S. at 533.   Plaintiff has an adequate

9   post-deprivation remedy available under California law.  <u>Barnett v. Centoni</u>, 31 F.3d 813, 816-17

10   (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).   Therefore, Plaintiff has failed to state a

11   cognizable claim.

12                      **3.**   **<u>Rule Violation Report</u>**

13       Plaintiff's allegations regarding the submission of false reports against him fails to state a

14   cognizable claim for relief.  The Due Process Clause itself does not contain any language that grants

15   a broad right to be free from false accusations, but guarantees certain procedural protections to

16   defend against false accusations. <u>Freeman v. Rideout</u>, 808 F.2d 949, 951 (2nd Cir. 1986).  However,

17   "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights

18   due a defendant in such proceedings does not apply."  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556

19   (1974).

20   **E.**   **<u>Declaratory Relief</u>**

21       In addition to money damages, Plaintiff seeks a declaration that his rights were violated.  "A

22   declaratory judgment, like other forms of equitable relief, should be granted only as a matter of

23   judicial discretion, exercised in the public interest." <u>Eccles v. Peoples Bank of Lakewood Village</u>,

24   333 U.S. 426, 431 (1948).  "Declaratory relief should be denied when it will neither serve a useful

25   purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford

26   relief from the uncertainty and controversy faced by the parties." <u>United States v. Washington</u>, 759

27   F.2d 1353, 1357 (9th Cir. 1985).  In the event that this action reaches trial and the jury returns a

28   verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were

violated.  Accordingly, a declaration that Defendants violated Plaintiff's rights is unnecessary, and this action shall proceed as one for money damages only.

### F.   Official Capacity

Plaintiff may not bring suit against Defendants in their official capacity.  "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities."  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  However, the Eleventh Amendment does not bar suits seeking damages from public officials acting in their personal capacities.  Hafer v. Melo, 502 U.S. 21, 30 (1991).

## IV.   Conclusion and Order

Plaintiff's first amended complaint states a cognizable claim against Defendant Knight for excessive force and retaliation; Defendants Gardner and Adams for failure to protect; and Defendants Knight and Turner for conditions of confinement in violation of the Eighth Amendment, however, Plaintiff allegations fail to state any additional claims under section 1983.  Plaintiff was previously notified of the deficiencies in his claims and provided with the opportunity to amend, but was unable to cure the deficiencies.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, it is HEREBY ORDERED that:

1.   This action for damages shall proceed on Plaintiff's first amended complaint, filed August 19, 2010, against Defendant Knight for excessive force and retaliation; Defendants Gardner and Adams for failure to protect; and Defendants Knight and Turner for conditions of confinement in violation of the Eighth Amendment for damages; and

2.   Plaintiff's due process, official capacity and declaratory relief claims are dismissed for failure to state a claim.

IT IS SO ORDERED.

**Dated:      September 6, 2011**              _____/s/ Sandra M. Snyder_____
                                                        UNITED STATES MAGISTRATE JUDGE