UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN LATTEREAL ROYAL, | CASE NO. 1:09-cv-01407-LJO-BAM PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES |
| v. | |
| S. KNIGHT, et al., | |
| Defendants. | (ECF No. 23) |
| / | THIRTY DAY DEADLINE |

**I.     Procedural History**

Plaintiff Marlin Lattereal Royal ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 12, 2009. On September 6, 2011, pursuant to 28 U.S.C. § 1915A, the Court issued an order that this action shall proceed as one for damages on Plaintiff's first amended complaint, filed August 19, 2010, against Defendant Knight for excessive force and deliberate indifference to conditions of confinement in violation of the Eighth Amendment and retaliation in violation of the First Amendment; against Defendants Gardner and Clark for failure to protect in violation of the Eighth Amendment; and against Defendant Turner for deliberate indifference to conditions of confinement in violation of the Eighth Amendment.[1]  (ECF No. 17.)

Defendants filed a motion to dismiss for failure to exhaust administrative remedies on

---

[1] In the order issued September 7, 2011, Plaintiff's due process, official capacity and declaratory relief claims were dismissed.

1 December 1, 2011. (ECF No. 23.) Plaintiff filed an opposition[2] on December 27, 2011, and Defendants filed a reply on December 28, 2011. (ECF Nos. 24, 25.) Following the issuance of an order directing Defendants to provide documents to the court, Defendants filed a supplement on February 23, 2012. (ECF Nos. 28, 29.) On February 27, 2012, an order issued granting in part and denying in part defendants's motion for summary judgment. (ECF No. 30.) Defendants subsequently contacted the Court due to the fact that they have not yet consented to the jurisdiction of the Magistrate Judge. By separate order the order issued February 27, 2012, shall be vacated and this findings and recommendations now issues.

## II. Failure to Exhaust

### A. Legal Standard

Defendants argue that Plaintiff failed to exhaust all his claims, other than the excessive force claim against Defendant Knight alleged to have occurred on January 28, 2009, in compliance with 42 U.S.C. § 1997e(a), subjecting the claims to dismissal. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison conditions. Woodford v. Ngo, 548 U.S. 81, 85 (2006). All available remedies must be exhausted, not just those remedies that meet federal standards, Woodford, 548 U.S. at 84, nor must they be "plain, speedy, and effective," Booth v. Churner, 532 U.S. 731, 739 (2001). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Id at 741; see Woodford, 548 U.S. at 93.

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (West 2009). The process is

---

[2] Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to exhaust in an order filed on September 29, 2011. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (ECF No. 20-1.)

2

initiated by submitting a CDCR Form 602. *Id.* at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* at § 3084.5. At the time of the incidents alleged in the complaint, appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 548 U.S. at 85-86.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense which defendants have the burden of raising and proving the absence of exhaustion. Lira v. Herrera, 427 F.3d 1164, 1171 (9th Cir. 2005). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003) (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). "In deciding a motion to dismiss for failure to exhaust, a court may look beyond the pleadings and decide disputed issues of fact." Sapp v. Kimbrell, 623 F.3d. 813, 821 (9th Cir. 2010) (quoting Wyatt, 315 F.3d at 1119-20). If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice, even where there has been exhaustion while the suit is pending. Lira, 427 F.3d at 1171.

**B.    Discussion**

    **1.    Plaintiff's Claims**

Plaintiff alleges that, on January 28, 2009, Defendant Knight grabbed Plaintiff by his right shoulder and pushed him into his cell. Instantly Plaintiff felt pain to his shoulder, neck, head, and back. Defendant Gardner watched while Defendant Knight slammed Plaintiff into the cell frame twice and Defendant Gardner did not press his alarm, call for back-up, or attempt to stop Defendant Knight.

Plaintiff's mother contacted Defendant Clark by telephone and was assured that threats and future assaults would stop. On March 25, 2009, Defendant Knight told Plaintiff that he would be

placed in administrative segregation if he did not withdraw his complaints and for his family members to stop calling the warden. On April 1, 2009, Defendant Knight filed a false rule violation report. While Plaintiff was in a stand up cage in a side room Defendant Knight told Plaintiff that he had Plaintiff's special purchase television set and Plaintiff would never see it and punched Plaintiff in the eye. Plaintiff was left in the cage for five to six and one half hours and was denied food and a bathroom by Defendants Knight and Turner.

Plaintiff alleges that Defendant Turner told him that correctional officers stick together and he needed to drop his complaint if he did not want any further problems. In February and March 2009, Plaintiff filed a staff complaint and in March 2009, he sent a letter to Defendant Clark informing him that Defendant Turner offered to order the property officer to issue Plaintiff's television set and keep Defendant Knight away from Plaintiff.

### 2.   Exhaustion of Eighth Amendment Claim

#### a.   Summary of Relevant Appeals

Plaintiff filed appeal no. SATF-D 09-00507 on February 3, 2009, in which he grieved an incident on January 28, 2009, alleging that Defendant Knight became verbally and physically abusive and Plaintiff has been denied his property. This appeal was granted at the third level on July 21, 2009. (Motion to Dismiss 14,[3] ECF No. 23-4.)

Plaintiff filed appeal no. SATF-D 09-00734 on February 18, 2009, in which he grieved Defendant Knight retaliating against him by withholding his television set. Plaintiff requested that Defendant Knight issue his television set and that Defendants Knight and Gardner not retaliate against him by failing to issue his property. This appeal was withdrawn by Plaintiff.

On May 20, 2009, Plaintiff filed appeal no. SATF-E 09-1819 in which he grieved that CDCR employees retaliated against him by falsely accusing him of threatening two inmates and the investigating employee failed in his duties. Plaintiff also grieves Defendant Knight and other non-party correctional officers' involvement in the loss of his television set. Plaintiff requests that Defendant Clark intervene to stop the abusive practices of Defendants Knight and Turner and

---

[3] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

Correctional Officers Akins and Lyons. The appeal was bypassed at the informal level. The first level review was due on July 10, 2009, and the appeal was returned to the inmate on June 30, 2009. Plaintiff submitted the appeal to the second level and it was due on August 7, 2009. There is no information showing that any response to this appeal was provided to Plaintiff.[4]

Plaintiff filed appeal no. SATF-E-09-2203 on June 17, 2009, in which he grieved that Defendant Knight retaliated against him by filing a false rule violation report, withholding his television set, and having a different television set delivered to Plaintiff. Additionally Plaintiff alleged that Defendant Turner had him withdraw his grievance and conspired with Defendant Knight to have Plaintiff falsely convicted of threatening inmates. The Court is unable to decipher the date of the first level response. The grievance was returned to Plaintiff on August 4, 2009, and Plaintiff did not pursue this appeal beyond the first level.

In order to properly exhaust his claim, Plaintiff must have provided sufficient information in his appeals to put prison officials on notice of the problem at issue. Defendants argue that Plaintiff only exhausted his January 28, 2009, excessive force claim against Defendant Knight because only appeal 09-00507 was accepted for third level review prior to August 12, 2009, when Plaintiff filed this action. Plaintiff argues that his appeals were not responded to within the established deadlines and the failure to meet these deadlines excuses his failure to exhaust. Defendants reply that Plaintiff has failed to address or rebut the allegations that he failed to exhaust administrative remedies. Although Plaintiff argues that he did not receive a timely response to his appeals, Cal. Code Regs., tit. 15 §3084.6(b)(5) provides for a late response.

### b. Sufficiency of the Appeals

To satisfy the exhaustion requirement, prisoners are required to comply with the applicable procedural rules governing the appeals process, and it is the appeals process itself which defines the level of detail necessary in an appeal. Jones v. Bock, 549 U.S. 199, 218 (2007); Griffin, 557 F.3d at 1120. In California, prisoners are required only to describe the problem and the action requested. Tit. 15 § 3084.2(a). In order to find that Plaintiff's appeals exhausted his administrative remedies,

---

[4] Although the supplement filing of appeal no. SATF-E 09-1819 does not show that it was submitted for review beyond the first level, the original document submitted shows that Plaintiff submitted it for review on July 8, 2009.

5

the appeals must "provide enough information . . . to allow prison officials to take appropriate responsive measures." Griffin v. Arpaio, 557 F.3d 1117, 1121 (9th Cir. 2009) (quoting Johnson v. Testman, 380 F.3d 691, 697 (2nd Cir. 2004)). The primary purpose of the grievance is to alert the prison to the problem and facilitate resolution. Griffin, 557 F.3d at 1120. The prisoner is not required to identify the parties who may ultimately be sued, Sapp, 623 F.3d at 824, or to state the legal theories or facts necessary to prove the elements of an eventual legal claim, Griffin, 557 F.3d at 1120. "A grievance suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress. Sapp, 623 F.3d at 823.

In appeal no. SATF-D 09-00507, Plaintiff alleges that he was verbally and physically abused by Defendant Knight. However, there is no mention of any other correctional officer being present or any indication that there was a failure to protect contained in the appeal. Since Plaintiff failed to bring the failure to protect issue in his appeal or even mention the presence of another officer, this appeal is insufficient to provide adequate notice of Plaintiff's failure to protect claim against Defendant Gardner. The Director's Level response was completed prior to this action being filed and this appeal exhausted Plaintiff's claims of excessive force against Defendant Knight for the incident that allegedly occurred on January 28, 2009.

In appeal no. SATF-D 09-00734, Plaintiff grieves "reprisal action" by Defendant Knight by refusing to issue his television set. This appeal was withdrawn prior to completion of the appeals process. Plaintiff states that this appeal was withdrawn because Defendant Turner told him that he would have officers issue his television set and property and keep Defendant Knight away from him. Where circumstances render exhaustion of remedies unavailable exhaustion is not required. Sapp. 623 F.3d at 822; Nunez v. Duncan, 591 F.3d 1217, 1225 (9th Cir. 2010.) An exception exists where the inmate took reasonable and appropriate steps to exhaust his administrative remedies and was unable to exhaust through no fault of his own. Nunez, 591 F.3d at 1224. Since Plaintiff has exhausted his retaliation claim with appeal no. SATF-E 09-1819, as discussed below, and only the retaliation claim was raised in this appeal, the Court finds it unnecessary to decide if exhaustion is excused due to the circumstances that caused Plaintiff to withdraw this appeal.

Defendants have presented evidence that appeal no. SATF-E 09-1819 was submitted for

second level review.  However, the appeal shows that prison officials did not responded to this grievance at the second level.  Other circuits have found that failure to respond to an inmate grievance within the time period required by the regulations makes the administrative remedy unavailable.  See Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (prison officials failure to respond to a properly filed grievance causes the administrative grievance process to be unavailable); Boyd v. Corrections Corp. Of America, 380 F.3d 989, 996 (6th Cir. 2004) ("administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance"); Abney v. McGinnis, 380 F.3d 663, 667 (2nd Cir. 2004) ("prison officials fail[ure] to timely advance the inmates's grievance" may justify failure to exhaust); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) ("failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (administrative remedies are deemed exhausted when prison officials fail to respond to an inmate's grievance).

Taking the facts in the light most favorable to the non-moving party, Plaintiff submitted his inmate appeal in a timely manner, and Defendant failed to respond.  Under these circumstances, Defendants have not carried their burden of establishing failure to exhaust administrative remedies due to the lack of a response at the second level.  While this appeal grieved the false rules violation report, it is devoid of any allegations regarding use of excessive force or deprivations of drinking water and bathroom facilities once Plaintiff was placed in the stand up cage.  Therefore, this appeal would only exhaust Plaintiff's claims of retaliation against Defendant Knight and failure to protect against Defendant Clark.

### c. Unexhausted Appeal

Plaintiff did not pursue appeal no. SATF-E-09-2203 beyond the first level.  The appeal was received on June 17, 2009, and assigned on July 1, 2009.  The appeal was granted in part on July 15, 2009, and returned to Plaintiff on August 4, 2009.  Plaintiff was requesting reimbursement for his lost property, compensation for the time spent in administrative segregation, a criminal investigation of Defendant Knight, and for the retaliation to stop.  Time limits for completion of appeals commence upon receipt of the appeal by the appeals coordinator.  Cal. Code Regs., tit. 15 §

3084.6(a) (West 2009). First level responses are to be completed within thirty working days. Cal. Code Regs., tit. 15 § 3084.6(b)(2) (West 2009). Weekends and holidays are not working days, and the first day is excluded. Cal. Code Regs., tit. 15 § 4003(j) (West 2009). Since Plaintiff's first level appeal was received by the appeal coordinator on July 1, 2009, the response would be due on August 14, 2009. The appeal was returned to Plaintiff on August 4, and this appeal was completed within the time established by section 3084.6(b)(2).

A review of this appeal shows that it only grieves the retaliation claim against Defendant Knight and states that the retaliation was in response to Plaintiff filing a complaint against Defendant Knight for withholding his television set and assaulting Plaintiff. Since the only grievance Plaintiff filed regarding an assault by Defendant Knight was for the January 28, 2009, incident, this would be insufficient to place prison officials on notice of any other incidents of assault. Although Plaintiff's appeal was granted in part, the administrative process was still able to provide some sort of relief. Booth, 532 U.S. at 739. Plaintiff did not pursue this appeal beyond the first level and, therefore, failed to exhaust administrative remedies for the issues raised.

### d. **Exhausted Claims**

A review of the appeals submitted by Plaintiff reveals that he did not grieve his allegations against Defendants Knight and Turner for allegedly confining him in a stand up cage without water or bathroom facilities or Defendant Knight for any use of force on this same date. Plaintiff did not file a grievance regarding his allegations that Defendant Gardner failed to protect him while Defendant Knight assaulted Plaintiff. Since Plaintiff did not submit an inmate appeal sufficient to notify the prison of his allegations against these defendants, he has failed to exhaust administrative remedies for these claims. The Court recommends that Defendants' motion to dismiss be granted for Defendants Turner and Gardner, and for Plaintiff's excessive force and deliberate indifference claims against Defendant Knight based upon the incident where he was confined in the standup cage, and Defendants' motion to dismiss shall be denied for Plaintiff's retaliation claim against Defendant Knight and failure to protect claim against Defendant Clark. Lira, 427 F.3d at 1171.

**III.  Conclusion and Recommendations**

For the reasons set forth herein, it is HEREBY RECOMMENDED that:

1. Defendants motion to dismiss, filed December 1, 2011, be GRANTED IN PART and DENIED IN PART as follows:

   a. Defendants' motion to dismiss for failure to exhaust be GRANTED for Plaintiff's claims against Defendants Turner and Gardner;

   b. Defendants' motion to dismiss for failure to exhaust be GRANTED for Plaintiff's excessive force and deliberate indifference against Defendant Knight based upon the incident in the standup cage;

   c. Defendants' motion to dismiss for failure to exhaust be DENIED for Plaintiff's failure to protect claim against Defendant Clark;

   c. Defendants' motion to dismissed be DENIED for Plaintiff's retaliation claim against Defendant Knight;

2. Defendants Turner and Gardner be dismissed from this action; and

3. This action proceed on the first amended complaint against Defendant Knight for the use of excessive force on January 28, 2009, in violation of the Eighth Amendment and retaliation in violation of the First Amendment, and Defendant Clark for failure to protect in violation of the Eighth Amendment.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: February 27, 2012              /s/ Barbara A. McAuliffe
                                      UNITED STATES MAGISTRATE JUDGE