UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLIN LATTEREAL ROYAL, | Case No.: 1:09-cv-01407-BAM (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (ECF No. 61) |
| S. KNIGHT, et al., | |
| Defendants. | |

**I.     Background**

Plaintiff Marlin Lattereal Royal ("Plaintiff"), a state prisoner, proceeded pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeded on Plaintiff's complaint against Defendant Knight for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment; and against Defendant Clark for failure to protect in violation of the Eighth Amendment. The parties consented to the jurisdiction of the Magistrate Judge.

On December 20, 2013, the Court granted Defendants' motion for summary judgment. (ECF No. 59.) Additionally, the Clerk of the Court entered judgment in favor of Defendants Knight and Clark and closed the file. (ECF Nos. 59, 60.)

On January 21, 2014, Plaintiff filed the instant motion for reconsideration of the Court's order granting summary judgment in favor of Defendant Knight. (ECF No. 61.) Defendants filed an

opposition to the motion for reconsideration on January 28, 2014, and Plaintiff replied on March 3, 2014. (ECF Nos. 62, 63.) The motion is deemed submitted. Local Rule 230(l).

## II. Discussion

### A. Legal Standard

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision. United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal.1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir.1987).

Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration, a party must show what "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

### B. Parties' Arguments

#### 1. Plaintiff's Motion

Plaintiff contends that he recently discovered a new witness and has obtained an affidavit/ declaration raising a genuine dispute of material fact. To support his contention, Plaintiff has submitted an undated, handwritten declaration from an inmate whose name is illegible. According to the declaration, this inmate was at SATF/Corcoran State Prison in 2009 and swears under penalty of perjury to personally witnessing Defendant Knight "push and slam [Plaintiff] into cell frame door" and Plaintiff "complain . . . of pain in shoulder." (ECF No. 61, p. 3.) This inmate also reports personal knowledge of Defendant Knight asking the inmate "to say [Plaintiff] threaten me to sign affidavit" and

1  Defendant Knight "telling [Plaintiff] to chill his 602/citizen complaint." (Id.)  Based on this
2  declaration, Plaintiff asks the Court to allow the matter to proceed to a jury trial.

### 2. Defendants' Opposition

In opposition, Defendants argue that the Court should deny Plaintiff's motion for reconsideration because Plaintiff failed to explain why he could not have presented the declaration when he initially opposed the motion for summary judgment.  Defendants also argue that Plaintiff has presented no new law or facts warranting reconsideration.  Instead, Defendants contend that Plaintiff merely repeats his own contention that Defendant Knight used excessive force by pushing him, which the Court rejected in granting the motion for summary judgment.

### 3. Plaintiff's Reply

Plaintiff's reply is not entirely clear.  It appears that Plaintiff is claiming that Defendant Knight pushed Plaintiff in retaliation for exercising his constitutional rights.  Plaintiff also raises an argument regarding the Court's determination that summary judgment should be granted in favor of Defendant Clark on the failure to protect claim.

### C. Analysis

The Court has considered Plaintiff's moving papers and the submitted declaration, but does not find any basis warranting either reconsideration of the Court's order granting Defendants' motion for summary judgment or allowing this matter to proceed to trial.  Primarily, Plaintiff does not provide any explanation as to why he could not have presented this recent declaration with his opposition to the motion for summary judgment.  (ECF No. 61.)  Plaintiff does not state when he learned of this new witness or when he obtained the declaration.  Indeed, Plaintiff appears to be purposely vague in his moving papers and he has presented the court with an undated declaration from an unidentifiable inmate.

Further, the declaration does not present any new facts sufficient to warrant reconsideration of the order granting Defendants' motion for summary judgment.  With regard to the claim of excessive against Defendant Knight, the Court reasoned as follows:

> [E]ven if the Court assumes that Defendant Knight pushed Plaintiff into the cell frame, the Court finds that the amount of force was de minimis and does not rise to the level of a constitutional violation. At best, Defendant Knight pushed Plaintiff a single time, which did not result in bruising or other discernible injury. (UMF 19-21.) Plaintiff's assertion that he suffered injury by reference to pain medication and his shoulder popping out of place does not raise a genuine dispute of material fact. (ECF No. 48, p. 1.) Plaintiff does not provide medical records supporting his assertions; the available medical records identify only a one-time prescription for Ibuprofen and the absence of any physical injury to Plaintiff's shoulder. (Defs' Ex. 3.) Plaintiff also contends that he endured mental pain and suffering as a result of the incident, but Plaintiff's psychiatric records do not support this contention. Rather, according to the records, Plaintiff's psychiatric complaints stemmed from his purported loss of property. (Ex. A to ECF No. 48, p. 16.)
>
> The Court therefore concludes that the single push by Defendant Knight, which did not result in injury, fails to rise to the level of an Eighth Amendment violation. See, Wilkins, 559 U.S. at 38, Hudson, 503 U.S. at 9; see also Washington v. Duncan, 2011 WL 2020703, *2 (N.D. Cal. May 2, 2011) (inmate pushed a single time against a chain-link fence, resulting only in a scratch or abrasion, did not rise to the level an Eighth Amendment violation). Defendants' motion for summary judgment shall be granted on Plaintiff's Eighth Amendment claim against Defendant Knight.

(ECF No. 59, pp. 11-12.)

The recent declaration, which is an eyewitness account that Defendant Knight pushed and slammed Plaintiff into the cell frame door, does not present the Court with new evidence for reconsideration. Rather, the declaration merely corroborates Plaintiff's original contention that Defendant Knight "push or/shove Plaintiff into cell frame." (ECF No. 48, p.8.)  As noted above, the Court considered this evidence in reaching its determination on the motion for summary judgment.

In connection with the retaliation claim, Plaintiff has not demonstrated how the declaration assists him in satisfying the elements of a retaliation claim against Defendant Knight.  In particular, Plaintiff has not set forth facts or law of a strongly convincing nature to warrant reconsideration.  The declarant's statement that he has personal knowledge of Defendant Knight telling Plaintiff to "chill his 602/Citizen Complaint" alone does not provide evidence of retaliation.  (ECF No. 61, p. 3.)  The declarant's statement that Defendant Knight asked him to state that Plaintiff threatened him to sign an affidavit also does not provide evidence of retaliation.  Plaintiff makes no connection or argument between the declarant's statements and the claim of retaliation.

4

Finally, Plaintiff raises an issue in his reply concerning the Court's grant of summary judgment in favor of Defendant Clark.  However, Plaintiff has not presented any new facts or law to warrant reconsideration.

### III.     Conclusion and Order

For the reasons stated, Plaintiff's motion for reconsideration of the Court's order granting Defendants' motion for summary judgment is DENIED.

IT IS SO ORDERED.

Dated:     **March 7, 2014**                         /s/ *Barbara A. McAuliffe*
                                                                    UNITED STATES MAGISTRATE JUDGE